FILED

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINDA D. OUTLAW,

    Plaintiff - Appellant,

 v.

UNITED AIRLINES, INC.; ROBERT
FREEMAN,

    Defendants - Appellees.

No. 11-15984

D.C. No. 1:09-cv-00620-JMS-
BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

 Linda D. Outlaw appeals pro se from the district court's summary judgment

in her employment action alleging discrimination and harassment based on her race

and color in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291.

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Outlaw's discrimination claim because Outlaw failed to raise a genuine dispute of material fact as to whether similarly situated individuals outside of her protected class were treated more favorably, and whether United Airlines' legitimate, nondiscriminatory reasons for its adverse employment actions, including terminating Outlaw, were pretextual. *See id.* at 640-42 & n.5 (listing elements of a prima facie case of discrimination, discussing "similarly situated" individuals requirement, and explaining that circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Outlaw's harassment claim because Outlaw failed to raise a genuine dispute of material fact as to whether the alleged conduct was because of her race or color, or was sufficiently severe or pervasive to alter the conditions of her employment. *See id.* at 642 (discussing racial harassment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**